UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No. 1:17-cv-06769
ERIN LYNCH,

                      Plaintiff,   **COMPLAINT**

     -against-

                                      Plaintiff Demands
ESPLANADE STATEN ISLAND LLC,                    A Trial By Jury
PAM MYERS, individually, DONNA MALONE,
individually, and KYSHA GREENE, individually,

                      Defendants.
------------------------------------------------------------------X

Plaintiff, by and though her attorneys, Phillips & Associates, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e *et. Seq.* ("Title VII"), The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"), and to remedy violations of the Executive Law of the State of New York and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibb*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by Defendants on the basis of her sex/gender, disability and/or perceived disability, together with sexual harassment, creating a hostile work environment, retaliation, and wrongful termination.

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

2. This action involves a Question of Federal Law.

3. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

4. On or about March 20, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

5. On or about September 20, 2017, Plaintiff received a Notice of Right to Sue letter from the EEOC.

6. This action is being brought within ninety (90) days of said Notice of Right to Sue letter.

## PARTIES

7. Plaintiff is a female resident of the State of New York, County of Richmond.

8. At all times material, Defendant ESPLANADE STATEN ISLAND LLC (hereinafter also referred to as "ESPLANADE") was and is a domestic limited liability company duly operating under the laws of the State of New York.

9. Defendant ESPLANADE operates a senior luxury dining and residence complex located at 1415 Richmond Avenue, Staten Island, NY 10314.

10. At all times material, Defendant PAM MYERS (hereinafter also referred to as "MYERS") was and is a resident of the State of New York.

11. At all times material, Defendant MYERS was and is an employee of Defendant ESPLANADE.

12. At all times material, Defendant MYERS was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

13. At all times material, Defendant DONNA MALONE (hereinafter also referred to as "MALONE") was and is a resident of the State of New York.

14. At all times material, Defendant MALONE was and is an employee of Defendant ESPLANADE.

15. At all times material, Defendant MALONE was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

16. At all times material, Defendant KYSHA GREENE (hereinafter also referred to as "GREENE") was and is a resident of the State of New York.

17. At all times material, Defendant GREENE was an employee of Defendant ESPLANADE.

18. Defendant ESPLANADE, Defendant MYERS, Defendant MALONE, and Defendant GREENE are also hereinafter collectively referred to as "Defendants."

19. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

20. On or about February 20, 2016, Plaintiff began working for Defendant ESPLANADE as a "Server" at its 1415 Richmond Ave, Staten Island, NY 10314 location. Plaintiff's primary duties involved serving meals to Defendants' senior residents and assisting in kitchen preparation and cleaning.

21. On or about March 24, 2016, Plaintiff telephoned her supervisor, Defendant MALONE, to inform her that she was diagnosed with kidney stones and she was seeking medical attention

for her symptoms. During their phone conversation, Plaintiff stated, "I can't come in to work today, my doctors told me that I have kidney stones." This request constituted a request for a reasonable accommodation. Defendant MALONE replied, **"It's no big deal. You're a woman. Just pass the kidney stone and come back to work."** Although Plaintiff was still experiencing pain, she was forced to return to work because she feared termination.

22. In or around the beginning of May 2016, Defendants hired Defendant GREENE as a kitchen employee.

23. In or around the same time, Defendant GREENE began to make sexual advances toward Plaintiff while they worked together in the kitchen.

24. For example, in or around May 2016, **Defendant GREENE rubbed Plaintiff's hips in front of one of their co-workers.** Plaintiff stated, "Don't touch me." Defendant GREENE laughed and walked away.

25. Immediately thereafter, Plaintiff complained to Defendant MYERS about Defendant GREENE's inappropriate touching. Defendant MYERS simply replied, **"[Defendant GREENE] is just joking around."** Defendants failed to remedy the harassment and/or prevent further harassment.

26. For example, Defendant GREENE would call Plaintiff and her co-workers **"hoes" ("whores")** on a regular basis.

27. As another example, in or around July 2016, Defendant GREENE looked at Plaintiff's facial piercings and asked, "What other piercings do you have on you?" Defendant GREENE then slowly looked at Plaintiff's body up and down and grinned. Based on Defendant MALONE's prior response to her complaint of sexual harassment, Plaintiff did not complain again because she believed it would be futile.

28. On or about August 12, 2016, Plaintiff was admitted into the hospital after experiencing severe abdominal pain. That same day, Plaintiff was informed that she would have to undergo surgery for an intestinal blockage.

29. On or about August 13, 2016, Plaintiff underwent surgery. Although Plaintiff was unable to speak to Defendant MALONE due to the insertion of a tube into her mouth, Plaintiff's father contacted Defendant MALONE to inform her that Plaintiff could return to work on August 29, 2016. Defendant MALONE merely replied, "Ok."

30. On or about August 21, 2016, Plaintiff was released from the hospital. Plaintiff also received a doctor's note from her doctor, Nagarajan Muthu, MD. In the note, Dr. Muthu stated, "Please excuse Ms. Lynch from work and all related activities until 08/28/16. She was admitted at Richmond Medical Center from 8/12/2016 to 8/21/2016. She will be able to return to work without any restrictions on Monday, 8/29/2016 when she has adequately recovered."

31. On or about August 29, 2016, Plaintiff was still experiencing pain while recovering from surgery, and she called Defendant MALONE to inform her that she could not return to work that day. Without asking Plaintiff about her symptoms or ability to return to work, Defendant MALONE threatened Plaintiff with termination. Defendant MALONE failed to engage in the interactive process. Instead, Defendant MALONE accused Plaintiff of faking her symptoms. Defendant MALONE stated, "You're not sick, you're just partying!"

32. On or about September 2, 2016, Plaintiff returned to work. Soon thereafter, Defendant GREENE resumed his harassing behavior toward Plaintiff.

33. For example, on or about September 10, 2016, while Plaintiff and her co-workers were on their break and eating dinner, **Defendant GREENE walked up to Plaintiff and kissed her**

5

**neck.** Plaintiff was disgusted and she stated, "That's not appropriate!" Defendant GREENE merely laughed.

34. On or about September 11, 2016, in Plaintiff's presence, Defendant GREENE started talking to a co-worker about his past sexual relationships. Defendant GREENE stated, **"Getting a blow job hurts afterwards."** Defendant GREENE then turned to Plaintiff and asked, **"Has this ever happened to you before?"** Plaintiff replied, "You can't talk to me about this. That's inappropriate." Nevertheless, the harassment continued.

35. Later that same day, while Plaintiff was cleaning the refrigerator, Defendant GREENE reached inside and pressed his fist into Plaintiff's buttocks. Plaintiff turned around and Defendant GREENE said, "What are you gonna do if I don't move my hand?" Plaintiff replied, "I'm gonna complain." Defendant GREENE scoffed and said, **"[Defendants] are not gonna do anything about it."**

36. That same day, Plaintiff complained to Defendant MYERS about experiencing Defendant GREENE's sexual harassment and assault in the workplace. Plaintiff stated to Defendant MYERS and Frank (last name currently unknown), "[Defendant GREENE] grabbed my ass while I was cleaning the refrigerator." Plaintiff felt Defendant GREENE's hand touch her buttocks and she believed that she had been groped. Defendant MYERS replied, "Just write a complaint."

37. The next day, Plaintiff was called into a meeting with Defendant MYERS, Defendant MALONE, and Sandy (last name currently unknown). Defendant MALONE sneered, **"We watched the video and he didn't grab your butt. His fist was on your butt."** Defendant MYERS then said, **"You made a false accusation against [Defendant GREENE]. You're being delusional."** Plaintiff replied, "I'm not making a false accusation, [Defendant

6

GREENE] touched me and I was uncomfortable." Sandy then stated, "If you're gonna report someone, make sure there isn't a camera around."

38. Defendants' comments were intended to coerce and/or intimidate Plaintiff into further pursuing her protected rights.

39. Plaintiff did not understand how Defendants were accusing her of making a false accusation despite her legitimate complaint of sexual harassment and assault in the workplace.

40. Defendant MALONE then informed Plaintiff that she was terminated for making a false accusation of sexual harassment. Defendant MALONE then stated, **"You have to sign this form so you can't sue the company."** Plaintiff realized that Defendant MYERS and Defendant MALONE would not be seriously investigating her allegations or remedying the harassment, and began to cry. Plaintiff then signed the form.

41. At that time, the form did not contain the details of the occurrence. However, after Plaintiff requested a copy of the form she signed, Plaintiff realized that Defendants inserted a summary of the purported investigation. The Details of Occurrence section stated, "You reported to Pam Myers that while you were wipping (sic) the refrigerator in the kitchen, at some point [Defendant GREENE] 'grabbed your buttocks.' This reportedly occurred at 5:06 PM. After that, you Pam and Frank disussed (sic) said incident, and you filed and signed a report attesting to such an incident. Upon reviewing the camera footage, [Defendant GREENE] was never observed touching you in the manner in which you accused him of."

42. Later that same day, Plaintiff's co-worker, Tina (last name currently unknown) contacted Plaintiff to inquire about the outcome of her complaint of harassment and assault. Plaintiff told Tina that she was terminated. In a text message, Tina wrote, "After you left [Defendant

MYERS] and [Defendant GREENE] were fist pounding about it so I turned to the both of them and said take this as a life lesson no touching in the workplace."

43. Defendants did not question Defendant GREENE about Plaintiff's allegations.

44. On or about September 13, 2016, Defendants terminated Plaintiff.

45. Defendant GREENE remained employed with Defendants after Plaintiff's termination.

46. Defendants failed to remedy the harassment or prevent future harassment.

47. Defendants created an environment no reasonable person would tolerate.

48. Defendants terminated Plaintiff in retaliation for her complaints of sex/gender discrimination.

49. Defendants would not have harassed or discriminated against Plaintiff but for her sex/gender.

50. Defendants would not have harassed or discriminated against Plaintiff but for her actual and/or perceived disability.

51. Defendants would not have harassed or discriminated against Plaintiff but for her need for a reasonable accommodation.

52. Defendants would not have retaliated against Plaintiff but for her sex/gender.

53. Defendants would not have terminated Plaintiff but for her complaints of sex/gender discrimination and assault in the workplace.

54. As a result of Defendants' actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

55. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered, and continues to suffer, severe emotional distress and physical ailments.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future

pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

58. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all of the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## **DISCRIMINATION**

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et Seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants.

61. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender, together with sexual harassment, creating a hostile work environment, and unlawful termination.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## **RETALIATION**

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

64. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et Seq. by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
## DISCRIMINATION

65. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. Plaintiff claims the Defendants violated Titles I and V of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. Section 12112 specifically states:

> a. General Rule- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
## RETALIATION and INTERFERENCE

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. Section 42 U.S.C. §12203 of the ADA. Prohibition against retaliation and coercion provides as follows:

   a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

   b) Interference, coercion, or intimidation: It shall be an unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

70. Defendants violated Plaintiff's above rights as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. Executive Law §296 provides, "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's actual or perceived… sex …actual disability… to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

73. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex and actual and/or perceived disability, together with assault and

11

battery, sexual harassment, creating a hostile work environment, retaliation, and unlawful termination.

74. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law §296.

## AS A SIXTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

77. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to her employer's unlawful employment practices and needing and requesting a reasonable accommodation.

## AS A SEVENTH CAUSE OF ACTION
## UNDER STATE LAW
## AIDING AND ABETTING

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

12

"For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

80. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

81. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82. The Administrative Code of City of New York, Title 8, §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee of agent thereof, because of the actual or perceived … gender… disability… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

83. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of her gender and actual and/or perceived disability, together with assault and battery, creating a hostile work environment, retaliation and wrongful termination.

## AS A NINTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

84. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

86. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because she opposed Defendants' unlawful employment actions and needing and requesting a reasonable accommodation.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in an unlawful discriminatory practice prohibited by Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e *et. Seq.* ("Title VII"), The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"), the New York State Executive Law, the New York City Administrative Code and that the Defendants harassed and discriminated against Plaintiff on the basis of her sex/gender, actual and/or perceived disability, together with sexual harassment, creating a hostile work environment, interference with protected rights, retaliation, and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
November 20, 2017

By: _____
**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*
Silvia C. Stanciu, Esq.
45 Broadway, Suite 620
New York, New York 10006
212-248-7431