UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIN LYNCH,

                              Plaintiff,

-against-

ESPLANADE STATEN ISLAND LLC, PAM MYERS, individuals, DONNA MALONE, individually, and KYSHA GREENE, individually

                              Defendants.

Civ. No.: 17-CV-06769 (SJ) (SMG)

**DEFENDANTS' ANSWER WITH AFFIRMATIVE AND OTHER DEFENSES**

Defendants Esplanade Staten Island LLC, Pam Myers and Donna Malone (hereinafter "Defendants"), by and through their undersigned attorneys, Jackson Lewis P.C., hereby respond to the allegations set forth in the Complaint filed by Erin Lynch ("Plaintiff") and state as follows:

**AS AND FOR AN ANSWER TO "INTRODUCTION"**

1. Defendants admit that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.* ("Title VII"), The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"), the Executive Law of the State of New York and the Administrative Code of the City of New York but, except as so admitted, deny the remaining allegations set forth in Paragraph "1" of Plaintiff's Complaint under the heading "Introduction" and specifically deny that Plaintiff has been subjected to sex/gender, disability and/or perceived disability discrimination, sexual harassment, retaliation or wrongful termination, and further deny that Plaintiff is entitled to any of the relief she seeks.

## AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

1. The allegations set forth in Paragraph "1" under the heading "Jurisdiction and Venue" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction and supplemental jurisdiction, generally, pursuant to the statutes cited in Paragraph "1" of Plaintiff's Complaint, but deny that supplemental jurisdiction should be exercised in this case, and further deny all remaining allegations set forth in Paragraph "1" under the heading "Jurisdiction and Venue" of Plaintiff's Complaint.

2. The allegations set forth in Paragraph "2" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this action involves a question of Federal Law, but deny all remaining allegations set forth in Paragraph "2" of Plaintiff's Complaint.

3. The allegations set forth in Paragraph "3" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny that this Court should exercise jurisdiction in this case, but admit that to the extent jurisdiction is proper, venue is appropriate in the Eastern District of New York, and deny all remaining allegations set forth in Paragraph "3" of Plaintiff's Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "4" of Plaintiff's Complaint and respectfully refer the Court to the purported Charge of Discrimination for the contents therein.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "5" of Plaintiff's Complaint and respectfully refer the Court to the purported Notice of Right to Sue Letter for the contents therein.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "6" of Plaintiff's Complaint and respectfully refer the Court to the purported Notice of Right to Sue Letter for the contents therein.

**AS AND FOR AN ANSWER TO "PARTIES"**

7. Defendants admit upon information and belief that Plaintiff is female and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the remaining allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8. Defendants admit that Esplanade Staten Island, LLC ("Esplanade") is a domestic limited liability company operating under the laws of the State of New York but, except as so admitted, deny the remaining allegations set forth in Paragraph "8" of Plaintiff's Complaint.

9. Defendants admit the allegations set forth in Paragraph "9" of Plaintiff's Complaint.

10. Defendants admit that Pam Myers is a resident of the State of New York but, except as so admitted, deny the remaining allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11. Defendants admit that Pam Myers is an employee of Esplanade but, except as so admitted, deny the remaining allegations set forth in Paragraph "11" of Plaintiff's Complaint.

12. Defendants admit the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

13. Defendants admit that Donna Malone is a resident of the State of New York but, except as so admitted, deny the remaining allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14. Defendants admit that Donna Malone is an employee of Esplanade but, except as so admitted, deny the remaining allegations set forth in Paragraph "14" of Plaintiff's Complaint.

15. Defendants admit the allegations set forth in Paragraph "15" of Plaintiff's Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "16" of Plaintiff's Complaint.

17. Defendants deny the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18. The allegations set forth in Paragraph "18" purport to define the term "Defendants" and no response is required. To the extent a response is required, Defendants admit that Pam Myers, Donna Malone and Kysha Greene have been named in this action with Esplanade as Defendants but, except as so admitted, deny that they are properly named Defendants in this action and deny the remaining allegations set forth in Paragraph "18" of Plaintiff's Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "MATERIAL FACTS"**

20. Defendants admit the allegations set forth in Paragraph "20" of Plaintiff's Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendants deny the allegations set forth in Paragraph "22" of Plaintiff's Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of Plaintiff's Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of Plaintiff's Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of Plaintiff's Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of Plaintiff's Complaint.

27. Defendants deny the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "28" of Plaintiff's Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "29" of Plaintiff's Complaint regarding Plaintiff's alleged surgery but, except as so denied, deny the remaining allegations set forth in Paragraph "29" of Plaintiff's Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "30" of Plaintiff's Complaint and respectfully refer the Court to the purported doctor's note referred to in Paragraph "30" of Plaintiff's Complaint for the contents therein.

31. Defendants deny the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32. Defendants deny the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40. Defendants deny the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of Plaintiff's Complaint and respectfully refer the Court to the document referred to in Paragraph "41" of Plaintiff's Complaint for the contents therein.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "42" of Plaintiff's Complaint regarding

communications purportedly had between Plaintiff and "Tina (last name currently unknown)" but, except as so denied, deny the remaining allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of Plaintiff's Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of Plaintiff's Complaint, but aver that Plaintiff's employment ended in September 2016.

45. Defendants deny the allegations set forth in Paragraph "45" of Plaintiff's Complaint, but aver that Kysha Greene's employment continued beyond September 2016.

46. Defendants deny the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of Plaintiff's Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of Plaintiff's Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of Plaintiff's Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of Plaintiff's Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of Plaintiff's Complaint.

58. Defendants deny the allegations set forth in Paragraph "58" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "FIRST CAUSE OF ACTION UNDER TITLE VII DISCRIMINATION"

59. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "58" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "59" of Plaintiff's Complaint.

60. The allegations set forth in Paragraph "60" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61. Defendants admit that Plaintiff purports to assert claims under Title VII but, except as so admitted, deny the remaining allegations set forth in Paragraph "61" of Plaintiff's

Complaint and specifically deny that Plaintiff was subjected to any such conduct in violation of Title VII.

**AS AND FOR AN ANSWER TO "SECOND CAUSE OF ACTION UNDER TITLE VII RETALIATION"**

62. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "61" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "62" of Plaintiff's Complaint.

63. The allegations set forth in Paragraph "63" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "63" of Plaintiff's Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO "THIRD CAUSE OF ACTION UNDER THEAMERICANS WITH DISABILITIES ACT ("ADA") DISCRIMINATION"**

65. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "64" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "65" of Plaintiff's Complaint.

66. The allegations set forth in Paragraph "66" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "66" of Plaintiff's Complaint.

67. Defendants deny the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "FOURTH CAUSE OF ACTION UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA") RETALIATION AND INTERFERENCE"

68. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "67" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "68" of Plaintiff's Complaint.

69. The allegations set forth in Paragraph "69" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "69" of Plaintiff's Complaint.

70. Defendants deny the allegations set forth in Paragraph "70" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "FIFTH CAUSE OF ACTION UNDER STATE LAW DISCRIMINATION"

71. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "70" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

72. The allegations set forth in Paragraph "72" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "72" of Plaintiff's Complaint.

73. Defendants deny the allegations set forth in Paragraph "73" of Plaintiff's Complaint.

74. Defendants admit that Plaintiff purports to bring claims under all of the applicable paragraphs of Executive Law §296, but except as so admitted, deny the remaining allegations set forth in Paragraph "74" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "SIXTH CAUSE OF ACTION UNDER STATE LAW RETALIATION"

75. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "75" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "75" of Plaintiff's Complaint.

76. The allegations set forth in Paragraph "76" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "76" of Plaintiff's Complaint.

77. Defendants deny the allegations set forth in Paragraph "77" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "SEVENTH CAUSE OF ACTION UNDER STATE LAW AIDING AND ABETTING"

78. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "77" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "78" of Plaintiff's Complaint.

79. The allegations set forth in Paragraph "79" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "79" of Plaintiff's Complaint.

80. Defendants deny the allegations set forth in Paragraph "80" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "EIGHTH CAUSE OF ACTION UNDER NEW YORK CITY ADMINISTRATIVE CODE DISCRIMINATION"

81. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "80" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

82. The allegations set forth in Paragraph "82" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "82" of Plaintiff's Complaint.

83. Defendants deny the allegations set forth in Paragraph "83" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO "NINTH CAUSE OF ACTION UNDER NEW YORK CITY ADMNISTRATIVE CODE RETALIATION"

84. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs "1" through "83" of Plaintiff's Complaint, as if fully set forth herein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "84" of Plaintiff's Complaint.

85. The allegations set forth in Paragraph "85" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "85" of Plaintiff's Complaint.

86. Defendants deny the allegations set forth in Paragraph "86" of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S REQUEST FOR JUDGMENT**

Defendants deny all allegations set forth in Plaintiff's request for judgment against the Defendants and any claim for relief set forth in the "WHEREFORE" clause to Plaintiff's Complaint, including specifically Subparagraphs "A." through "F." and specifically deny that Plaintiff is entitled to any of the relief she seeks.

**AS AND FOR AN ANSWER TO "JURY DEMAND"**

Defendants admit that Plaintiff requests a trial by a jury but, except as so admitted, deny that Plaintiff is entitled to a trial by a jury.

**GENERAL DENIAL**

Defendants deny all claims and allegations not unequivocally admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses:

**FIRST DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

Any and all actions taken by Defendants with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory business reasons, and would have been taken regardless of Plaintiff's gender or alleged protected activity.

**FOURTH DEFENSE**

Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

**FIFTH DEFENSE**

Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive and/or corrective opportunities or to otherwise avoid harm.

**SIXTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, because she failed to use reasonable diligence to mitigate and/or minimize her alleged damages.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

**EIGHTH DEFENSE**

Defendants' conduct, even if it occurred, was not severe or pervasive and amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because she did not suffer damages attributable to any allegedly wrongful conduct by Defendants and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

**TENTH DEFENSE**

Plaintiff is not entitled to recover any punitive damages against Defendants

because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless acts or omissions.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to meet the necessary conditions precedent and/or administrative prerequisites to initiating this lawsuit.

### TWELFTH DEFENSE

Plaintiff's claims are barred because they were previously released as a part of a Confidential Settlement Agreement.

### THIRTEENTH DEFENSE

To the extent Plaintiff seeks to hold Pam Myers and/or Donna Malone liable under Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act, these claims are subject to dismissal because there is no individual liability under applicable federal law.

### FOURTEENTH DEFENSE

To the extent Plaintiff seeks to hold Pam Myers and Donna Malone liable under the New York State Human Rights Law and/or the New York City Human Rights Law, these claims are subject to dismissal because Pam Myers and Donna Malone are not covered under employers under applicable law, and cannot be liable for aiding and/or abetting in their own conduct.

### FIFTEENTH DEFENSE

Defendants reserve the right to amend their answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

**WHEREFORE**, Defendants respectfully request that this Court:

a) Dismiss Plaintiff's Complaint in their entirety, with prejudice;

b) Deny each and every demand, claim, and prayer for relief contained therein;

c) Award Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

d) Grant such other and further relief to Defendants as the Court deems just and proper.

Dated: New York, New York
January 19, 2018

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000
MellkW@jacksonlewis.com
Tania.Mistretta@jackonlewis.com

By: _____/S/_____
Wendy J. Mellk (WM-1515)
Tania J. Mistretta (TM-1230)

*Attorneys for Defendant*
 *Esplanade Staten Island LLC, Pam Myers and*
 *Donna Malone*

4831-3895-2538, v. 1